ORIGINAL

2006 NOV 17 PM 3:32

1  TERRY ROSS, CASB No. 58171
   terry.ross@kyl.com
2  STACEY M. GARRETT, CASB No. 155319
   stacey.garrett@kyl.com
3  ELIZABETH A. LOGAN, CASB No. 228880
   elizabeth.logan@kyl.com
4  KEESAL, YOUNG & LOGAN
5  A Professional Corporation
   400 Oceangate, P.O. Box 1730
6  Long Beach, California 90801-1730
7  Telephone:    (562) 436-2000
   Facsimile:    (562) 436-7416
8
   Attorneys for Defendants
9  DAVID HARRISON RASCOE, PRUDENTIAL
   SECURITIES INCORPORATED, a corporation (named
10 and erroneously sued as Prudential Securities,
   a Division of Wachovia Securities, LLC),
11 PRUDENTIAL EQUITY GROUP, LLC, WACHOVIA
12 SECURITIES LLC, PRUDENTIAL INSURANCE CO.

13

14                   UNITED STATES DISTRICT COURT

15                  SOUTHERN DISTRICT OF CALIFORNIA

16

17 | GLENN DALE JOHNSON,              ) Case No. '06 CV 2541  B  RBB
                                      )
18 |               Plaintiff,         ) NOTICE OF REMOVAL OF
                                      ) CIVIL ACTION PURSUANT TO
19 |      vs.                         ) 28 U.S.C. §§ 1441(a) AND (b) AND
                                      ) SECURITIES LITIGATION
20 | DAVID HARRISON RASCOE,           ) UNIFORM STANDARDS ACT OF
     PRUDENTIAL SECURITIES,.          ) 1998 (15 U.S.C. § 78bb(f))
21 | a division of WACHOVIA           )
     SECURITIES, LLC, PRUDENTIAL      ) [28 U.S.C. § 1441(a) AND (b);
22 | SECURITIES INC., a corporation,  ) SECURITIES LITIGATION
23 | PRUDENTIAL EQUITY GROUP,         ) UNIFORM STANDARDS ACT OF
     LLC, WACHOVIA SECURITIES         ) 1998 (15 U.S.C. § 78bb(f))]
24 | LLC, PRUDENTIAL INSURANCE        )
25 | CO., and DOES 1-200.             )
                                      )
26 |              Defendants.         )              BY FAX
                                      )
27 |_____)

28 ///

KYL_LB1069349                                         Case No. _____
NOT./REMOVAL/CIV. ACTION PURSUANT/28 U.S.C. §§ 1441(a)&(b) & SEC. LITIG. UNIFORM STANDARDS ACT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants DAVID HARRISON RASCOE, PRUDENTIAL SECURITIES INCORPORATED, a corporation (named and erroneously sued as PRUDENTIAL SECURITIES, a division of WACHOVIA SECURITIES, LLC), PRUDENTIAL EQUITY GROUP, LLC, WACHOVIA SECURITIES LLC and PRUDENTIAL INSURANCE CO. ("Defendants") hereby remove this action to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441(a) and (b) and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(2).

## I.

## PLEADINGS AND PROCEEDINGS TO DATE

1. This action was commenced in the Superior Court of California, County of San Diego, on October 13, 2006, under Case No. GIC 873998.[1]

2. Plaintiff sent a copy of the Complaint to Defendants, through counsel, on October 18, 2006. Counsel for Defendants signed the Notice of Acknowledgment on October 30, 2006.

3. This Notice of Removal is filed within thirty days of service of the Complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b).

---

[1] Plaintiff filed a class action Complaint against Defendants, with virtually identical allegations, on April 20, 2006 in the Superior Court of California, County of San Diego, Case No. GIC 864696. Defendants removed the case to the United States District Court for the Southern District of California matter pursuant to SLUSA on May 19, 2006. Johnson v. Rascoe, et al., Case No. 06CV1102 BEN (RBB). On May 24, 2006, Defendants filed a motion to dismiss the Complaint pursuant to SLUSA. Plaintiff voluntarily dismissed his Complaint on July 10, 2006.

See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999); <u>Terry v. Travelers Indem. Co. of Conn.</u>, 2006 WL 2354781 (E.D. Cal. Aug. 14, 2006) (holding that the time period for removal was triggered when the defendant signed the notice of acknowledgement of service).

4. A true and correct copy of the state court filing, the Summons and Complaint, along with the Notice of Case Assignment, Notice to Litigants, Stipulation for ADR and Notice of Acknowledgment, is attached as Exhibit "A" to the Request for Judicial Notice filed herewith.

5. Exhibit A constitutes all the process, pleadings and orders that Defendants have notice of to date.

6. As this removal is filed by all of the named Defendants, removal is complete as to all Defendants.

## II.
## SLUSA REMOVAL

7. SLUSA prohibits a private party from bringing a "covered class action" in any court, "State or Federal," that alleges a "misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1); <u>see also</u> 15 U.S.C. § 77p(b). SLUSA also makes "[a]ny covered class action brought in any State court involving a covered security . . . removable to the Federal district court for the district in which the action is pending." 15 U.S.C. § 78bb(f); <u>see also</u> 15 U.S.C. § 77p(c).

8. This Court has original jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 78bb(f) (SLUSA), <u>to wit</u>:

(a) The State Court Action is a "covered class action" as defined by 15 U.S.C. § 78bb(f)(5)(B)(i)(II);

(b) The securities at issue in this case are "covered

securities" within the meaning of 15 U.S.C. § 78bb(f)(5)(E); and

(c)  The State Court Action alleges that Defendants made untrue statements or omissions of material facts in connection with the purchase or sale of securities and that Defendants used or employed manipulative or deceptive devices or contrivances in connection with the purchase or sale of securities, 15 U.S.C. § 78b(f)(1).

### A.  THIS IS A "COVERED CLASS ACTION."

9.  SLUSA defines a "covered class action" in three different ways. Defendants remove based on the second definition which defines a "covered class action" as any single lawsuit in which: "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." See 15 U.S.C.A. § 8bb(f)(5)(B)(i)(II).

10.  Plaintiff's Complaint establishes that this is a "covered class action" within the second definition under SLUSA. Plaintiff pleads:

- This is a class action brought on behalf of himself and all others similarly situated. (Complaint, ¶ 24, attached as Exhibit "A" to the Request for Judicial Notice.)
- Plaintiff seeks to recover "damages" on behalf of himself and others similarly situated. (Complaint, ¶¶ 1, 60-63, 71-74, 82-87, 90, 91, 97, 103, and prayer.)
- "Common questions of law or fact exists [sic] as to all class members. These questions predominate over the questions affecting only individual class members." (Complaint, ¶ 34.) Plaintiff includes an entire section of

the Complaint that details the common questions—twenty-three by his estimation. (Complaint, ¶ 34, §§ A-Z.) These common facts and questions include allegations that:

- Putative class members were sent the same "standard written documents" which allegedly misrepresented the brokerage services Defendants offered. (Complaint, ¶ 15; see also Complaint, ¶¶ 26-27; 29-30.)
- A determination of Defendants' liability for the allegedly deceptive statements relating to the marketing and promotion of brokerage services is common to all class members. (Complaint, ¶ 34 § F.)
- "Whether class members' investment funds were improperly directed towards high commission investments by the defendants" is common to all class members. (Complaint, ¶ 34, § Q.)
- Plaintiff pleads that the action is a suitable class action under Federal Rule of Civil Procedure 23. (Complaint, ¶ 38.)

B. **THE SECURITIES AT ISSUE ARE "COVERED SECURITIES."**

11. The securities at issue in this case are "covered securities" within the meaning of 15 U.S.C. § 78bb(f)(5)(E).

12. A "covered security" is defined as a security listed or authorized for listing on the New York Stock Exchange ("NYSE"), the American Stock Exchange ("AMEX"), NASDAQ (or a tier or segment of

them) or other exchanges that have listing standards similar to the NYSE, AMEX or NASDAQ, or a security issued by a company registered under the Investment Company Act of 1940. 15 U.S.C. § 78bb(f)(5)(E) (borrowing the definition of "covered security" from section 18(b) of the Securities Act of 1933, 15 U.S.C.A. § 77rr(b)(1), (2)). When a claim concerns a transaction that involves both covered and non-covered securities, the entire claim is subject to removal under SLUSA. <u>See, e.g., Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F. Supp. 2d 993, 1000-1001 n.21 (C.D. Cal. 2002) (allegations relating to mutual fund which was a "covered security" was sufficient to remove entire claim pursuant to SLUSA); and <u>Lasley v. New England Variable Life Ins. Co.</u>, 126 F. Supp. 2d 1236, 1238-39 (N.D. Cal. 1999).

13. Plaintiff's account statements reveal that the retirement funds at issue were invested in covered securities. (<u>See</u>, Declaration of Lois Kallet, ¶¶ 2-4.) These securities include, among others, Evergreen Equity Index Class B, Fidelity Advisor Equity Growth Class B, Fidelity Advisor Equity Income Class B, Fidelity Advisor Services VII Technology Fund Class B, all of which were registered investment companies at the relevant time. (<u>See</u>, Declaration of Lois Kallet, ¶¶ 2-4.)

C. **THE COMPLAINT ALLEGES DEFENDANTS' MISCONDUCT WAS "IN CONNECTION WITH" THE PURCHASES AND DECISIONS TO HOLD SECURITIES.**

14. The State Court Action alleges that Defendants made untrue statements or omissions of material facts in connection with the purchase of securities and that Defendants used or employed manipulative or deceptive devices or contrivances in connection with the purchase or sale of securities. The Supreme Court recently held that in addition to purchases

and sales, SLUSA applies where plaintiffs allege they were induced to hold securities as a result of alleged fraudulent statements, concealment or omissions of the defendants. <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit</u>, ___ U.S. ___, 126 S. Ct. 1503, 1512 (2006).

Plaintiff's Complaint alleges claims "in connection" with the purchase and holding of securities within the meaning of SLUSA. Plaintiff alleges:

- Based on misrepresentations and omissions in part regarding asset allocation, Defendant Rascoe caused Plaintiff to transfer money and invested Plaintiff's money in high commission investments for his own gain. (Complaint, ¶ 8; <u>see also</u> Complaint, ¶ 81.)
- Plaintiff was induced to hold his investments by Defendants' repeated assurances that the funds were safe, "that no protective actions should be taken" and the asset allocation system was in effect. (Complaint, ¶ 48.)
- Defendants concealed the truth from Plaintiff to lull him into a false sense of security. (Complaint ¶ 50; <u>see also</u> Complaint, ¶¶ 54-55.)
- Defendants entered into an agreement to accomplish a fraudulent scheme. (Complaint, ¶¶ 58-59; <u>see also</u> Complaint, ¶ 91.)

## III.

## <u>VENUE</u>

This is a suit of wholly civil nature brought in a California court. The action is pending in San Diego County, California, and accordingly,

under Title 28 U.S.C. § 84(d) and 1449(a), the United States District Court for the Southern District of California is the proper forum for removal.

WHEREFORE, Defendants pray that the above-referenced action now pending in the San Diego Superior Court, State of California, Case No. GIC 873998, be removed from that Court to this United States District Court.

DATED: November 17, 2006

*e.Logan*
TERRY ROSS
STACEY M. GARRETT
ELIZABETH A. LOGAN
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
DAVID HARRISON RASCOE, PRUDENTIAL SECURITIES INCORPORATED, a corporation (named and erroneously sued as Prudential Securities, a Division of Wachovia Securities, LLC), PRUDENTIAL EQUITY GROUP, LLC, WACHOVIA SECURITIES LLC, PRUDENTIAL INSURANCE CO.

ORIGINAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
GLENN DALE JOHNSON

**DEFENDANTS**
DAVID HARRISON RASCOE, PRUDENTIAL SECURITIES, a division of WACHOVIA SECURITIES, LLC, PRUDENTIAL SECURITIES INC., a corporation, PRUDENTIAL EQUITY GROUP, LLC, WACHOVIA SECURITIES LLC, PRUDENTIAL INSURANCE CO.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

06 CV 2541 B RBB

BY FAX

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
FLOYD R. BROWN
LAW OFFICES OF FLOYD R. BROWN
5963 LAPLACE COURT, SUITE 114
CARLSBAD, CA 92008
(760) 438-5998

**ATTORNEYS (IF KNOWN)**
TERRY ROSS/STACEY GARRETT/ELIZABETH LOGAN
KEESAL, YOUNG & LOGAN
400 OCEANGATE, P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Defs remove this matter from St. court under 15 U.S.C., 78bb(f). Plf's rep claims include causes of action for intentional/negligent misrepresentation/omission, fraudulent concealment, aiding & abetting, breach of fiduciary duty, & breach of contract involving securities retirement accounts.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Medical Malpractice | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 630 Liquor Laws | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 640 R.R. & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | 650 Airline Regs. | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 660 Occupational Safety/Health | SOCIAL SECURITY | [X] 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | LABOR | 862 Black Lung (923) | 891 Agricultural Acts |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment / HABEAS CORPUS: | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | / 535 Death Penalty | 790 Other Labor Litigation | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 444 Welfare / 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | |
| 290 All Other Real Property | 440 Other Civil Rights / 550 Civil Rights / 555 Prison Conditions | | | 890 Other Statutory Actions |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE ROGER T. BENITEZ   Docket Number 06cv1102 (DISMISSED)

DATE: NOVEMBER 17, 2006
SIGNATURE OF ATTORNEY OF RECORD: C. Hogan

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

131880 Sa 11/17/06 $350   2009481.tif - 11/17/2006 2:10:48 PM

```
         UNITED STATES
         DISTRICT COURT
       Southern District of California
            San Diego Division

          # 131880 - A1
         November 17, 2006


  Code      Case #      Qty     Amount

  CV086900  3-06-CV-2541         60.00 CH
     Judge    - BREWSTER
  CV086400                      100.00 CH
  CV510000                      190.00 CH


  Total->                       350.00



  FROM: CIVIL FILING
        JOHNSON V. RASCOE ET AL
        BC# 3074730
        SH
```